UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY DOWLEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-00778 |
| | ) | CHIEF JUDGE CRENSHAW |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Plaintiff, Anthony Dowlen, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He has filed this action *pro se* pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction; the Rutherford County Criminal Court Clerk's Office; and the Rutherford County Criminal Courts; seeking injunctive relief. ("I need for TDOC to ... give me what I'm due.") (Doc. No. 1 at 9).

The Plaintiff is currently serving sentences for simple robbery and failure to appear. These sentences were imposed upon him by the Criminal Court of Rutherford County. The Plaintiff claims that the prosecutor scared him with threats into taking a plea to the charges. (*Id.* at 3). He further alleges that "they as well have refused to give me my credits and they gave me an illegal sentence." (*Id.*).

The Plaintiff is attacking both the validity of his conviction and the duration of his confinement. A challenge to the validity of any confinement or to the particulars affecting its duration are within the sole province of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750

1

(2004). When success in a § 1983 prisoner action would implicitly question the validity of conviction or duration of sentence, the prisoner must first successfully pursue his state or federal habeas corpus remedies, i.e., the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

Nowhere in the complaint does it suggest that the Plaintiff has already successfully tested the validity of his conviction and the duration of his confinement in either a state or federal court. Therefore, the Plaintiff's claims are not yet cognizable in a § 1983 action. In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE